```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PALACE SKATEBOARDS GROUP and GSLT HOLDINGS LIMITED,

*Plaintiffs*

v.

AIMEEY; CONG~690; DENNIS AHO; DGVH~56; ERIC GANDY; FGFH~456; FUBA246; GULF_COAST_BOUND; HUANGGUANGHAI3221; HUANGRUIXIAN65812; HUANGZHILONGER; JIAYIMNEI; MUK63211; NIKITAMODA; SHENPOHUANG21; STAR'S OCEAN CLOTHING MALL; VANGCHENGYUN; WORLD WE; XEE82293; XIEZHIWEI; XIONGHOU DAMIYA BETTER; and ZHUSHIHAO62923,

*Defendants*

CIVIL ACTION No.:
21-cv-3951 (GHW)

~~[PROPOSED]~~
**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs** | Palace Skateboards Group hereinafter referred to as "Palace" and GSLT Holdings Limited hereinafter referred to as "GSLT" | N/A |
| **Defendants** | Aimeey, Alztech, cong~690, Dennis Aho, dgvh~56, Eric Gandy, fgfh~456, fuba246, GitroStore, gulf_coast_bound, huangguanghai3221, huangruixian65812, Huangzhilonger, Jiayimnei, kengkeng, Lindsayyya, Loom, muk63211, New yeah, nikitamoda, OBD Home living museum, shenpohuang21, Star's ocean clothing mall, Vangchengyun, World we, xee82293, XIEZHIWEI, Xionghou Damiya Better and zhushihao62923 | N/A |
| **Defaulting Defendants** | Aimeey, cong~690, Dennis Aho, dgvh~56, Eric Gandy, fgfh~456, fuba246, gulf_coast_bound, huangguanghai3221, huangruixian65812, Huangzhilonger, Jiayimnei, muk63211, nikitamoda, shenpohuang21, Star's ocean clothing mall, Vangchengyun, World we, xee82293, XIEZHIWEI, Xionghou Damiya Better and zhushihao62923 | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 4, 2021 | Dkt. 1 |
| **Complaint** | Plaintiffs' Complaint filed on May 4, 2021 | Dkt. 5 |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a | Dkts. 11-12 |

i

| | | |
|---|---|---|
| | preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 4, 2021 | |
| **Hussey Dec.** | Declaration of Thomas Hussey in Support of Plaintiffs' Application | Dkt. 72 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiffs' Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 11, 2021 | Dkt. 66-2 |
| **PI Show Cause Hearing** | May 24, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | May 25, 2021 Preliminary Injunction Order | Dkt. 4 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Palace Products** | A London-based skateboard shop and clothing brand, which focuses on skate wear with heavy 1990s and pop culture influences alongside VHS style marketing found online or in Palace's four international stores, including, London, Los Angeles, New York and Tokyo, where it | N/A |

| | | |
|---|---|---|
| | releases new products every Friday morning across its Spring/Summer/Autumn/Winter/Holiday seasons. | |
| **Palace Marks** | U.S. Trademark Registration Nos.: 5,225,520 for "PALACE" for goods in Classes 18, 25, 28 and 35; 5,197,782 for "PALACE SKATEBOARDS" for goods in Classes 28 and 35; 4,762,471 for " " for goods in Classes 18, 25 and 28; 6,055,983 for " " for goods in Class 25; 5,711,377 for " " for goods in Class 25; 5,220,519 for " " for goods in Classes 18, 25, 28 and 35; 6,254,169 for "PALACE" for goods in Classes 35 and 41; and 6,254,168 for " " for goods in Classes 35 and 41 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Palace Marks, and/or products in packaging and/or containing labels bearing the Palace Marks, and/or bearing or used in connection with marks that are confusingly similar to the Palace Marks and/or products that are identical or confusingly similar to the Palace Products | N/A |

| | | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Wish Discovery** | The supplemental report identifying Defendants' Infringing Product ID, Merchant ID, Merchant Real Person Name, Email Address, Physical Address, Product Lifetime Units Sold and Product Lifetime GMV, provided by counsel for ContextLogic to Plaintiffs' counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on February 2, 2024 | Dkt. 67 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | Dkt. 66 |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Palace Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiffs on Counts I and II as properly pleaded against Defaulting Defendants in the Complaint;[1]

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Memorandum of Law in Support of their Motion for Default

---

[1] As discussed on the record at the May 15, 2024 show cause hearing, Plaintiffs voluntarily dismiss their remaining causes of action, Counts III and IV, in the Complaint. *See* Complaint ¶¶ 64–79. Therefore, those claims are dismissed without prejudice.

Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty Thousand Dollars ($50,000.00) in statutory damages against the following twenty-two (22) Defaulting Defendants: Aimeey, cong~690, Dennis Aho, dgvh~56, Eric Gandy, fgfh~456, fuba246, gulf_coast_bound, huangguanghai3221, huangruixian65812, Huangzhilonger, Jiayimnei, muk63211, nikitamoda, shenpohuang21, Star's ocean clothing mall, Vangchengyun, World we, xee82293, XIEZHIWEI, Xionghou Damiya Better and zhushihao62923 ("Defaulting Defendants' Individual Damages Award") pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of One Million One Hundred Thousand Dollars ($1,100,000.00), plus post-judgment interest.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad) who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Palace Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Palace Marks;

   B. directly or indirectly infringing in any manner Plaintiffs' Palace Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Palace Marks to identify any goods or services not authorized by Plaintiffs;

D. using Plaintiffs' Palace Marks and/or any other marks that are confusingly similar to the Palace Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs; and

F. other than as provided below in subparagraph III(2), secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution,

3

displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiffs' Palace Marks or bear any marks that are confusingly similar to the Palace Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are, for a period of five years following the date of this order, enjoined and restrained from:

   A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   B. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

## IV.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a), is hereby dissolved.

## V.     Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

The Clerk of Court is directed to enter judgment for Plaintiffs and against Defendants Aimeey, cong~690, Dennis Aho, dgvh~56, Eric Gandy, fgfh~456, fuba246, gulf_coast_bound, huangguanghai3221, huangruixian65812, Huangzhilonger, Jiayimnei, muk63211, nikitamoda, shenpohuang21, Star's ocean clothing mall, Vangchengyun, World we, xee82293, XIEZHIWEI, Xionghou Damiya Better and zhushihao62923 in the amount of $50,000.00 per Defendant, for an aggregate amount of $1,100,000.00.  Post-judgment interest shall accrue on the unpaid amount of the judgment at the rate established by 28 U.S.C. § 1961(a).  The Clerk of Court is directed to close this case.

**SO ORDERED.**

SIGNED this 16th day of May, 2024

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE